IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW WAYNE BAILEY,

*Plaintiff*,

v.

BUDGET RENT A CAR SYSTEM,
INC.,

*Defendant*.

Civil Action No. ELH-16-00636

## MEMORANDUM

Andrew Wayne Bailey, plaintiff, filed suit against Budget Rent A Car System, Inc. ("Budget"), defendant.[1]  ECF 2.  Bailey, a former employee of Budget at its location in Hanover, Maryland, alleges that another Budget employee, David Evans, a security manager, falsely reported to the police on March 20, 2013, that plaintiff stole a Toyota Corolla and was operating it without authorization.  *Id.* ¶ 57.  As a result, plaintiff alleges that he was "falsely arrested" more than 20 months later, on December 5, 2014.  *Id.* ¶¶ 17, 22.  Plaintiff also claims that, as a result of what occurred, criminal charges were filed against him, but the charges were ultimately nol prossed.  *Id.*

Plaintiff's complaint contains six counts.  Count One alleges false imprisonment; Count Two alleges negligence; Count Three alleges intentional infliction of emotional distress; Count Four asserts a claim of defamation; Count Five contains a claim for malicious prosecution; and Count Six alleges loss of consortium.  *Id.* at 4-5.  Plaintiff seeks damages in the sum of $4 million.  ECF 2 at 6.

---

[1] As explained, *infra*, the suit was filed by counsel, but Bailey is now self-represented.

Budget has moved to dismiss, for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 6), supported by a memorandum of law (ECF 6-1) (collectively, the "Motion"). On March 17, 2016, the Clerk advised plaintiff of his right to respond to the Motion within 17 days from the date of the Clerk's letter. *See* ECF 9.  No response has been filed.  Moreover, the time to do so has expired.

No hearing is needed to resolve the Motion.  *See* Local Rule 105.6.  For the reasons set forth below, I shall grant the Motion, without prejudice.

## I.      Factual and Procedural Background

Suit was initially filed in the Circuit Court for Anne Arundel County.  On March 4, 2016, defendant removed the case to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  ECF 1 ("Notice of Removal").[2]  In particular, Budget asserted that this Court has original jurisdiction based on diversity of citizenship.  With respect to diversity, defendant represented that Budget is incorporated in Delaware and maintains its principal place of business in New Jersey (ECF 1, ¶ 8), while plaintiff is a citizen of Maryland.  ECF 2, ¶ 3.[3]

Stuart E. Williams, Esquire, the attorney who filed the lawsuit in State court on plaintiff's behalf, wrote a letter to this Court, docketed March 16, 2016.  ECF 8.  Williams indicated that he is not admitted to federal court and thus would not be entering an appearance in this Court on behalf of plaintiff.  Further, he represented that he spoke with Mr. Bailey personally by telephone and informed him that he could not represent him in this Court.  *Id.*  In addition, he stated that he

---

[2] According to the Notice of Removal, the Complaint was served on Budget on February 5, 2016.  ECF 1, ¶ 2.

[3] A federal court sitting in diversity generally applies the law of the forum State in which the court is located.  *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007).  In tort cases, Maryland courts apply the law of the state where the alleged tort occurred. *See Proctor v. Washington Metropolitan Area Transit Auth.*, 412 Md. 691, 726, 990 A.2d 1048, 1068 (2010).

had returned all documents to Mr. Bailey, and that he had advised Mr. Bailey to obtain an "attorney who can practice in this honorable court." *Id.*

Mr. Williams submitted as an exhibit to ECF 8 an undated letter to plaintiff (ECF 8-1), advising plaintiff of counsel's inability to represent Bailey in federal court.  Williams wrote: "You must seek an attorney that has a license to practice in the United States District Court of Maryland.  It is imperative you make sure the next attorney you hire concerning this case is licensed to practice in the United States District Court of Maryland."  ECF 8-1 at 1.  Further, counsel advised the plaintiff as to the statute of limitations concerning the case.  In closing, Mr. Williams stated:  "You have to actively look for an attorney. . . . Start today so you do not lose your chance to file because of the statute of limitations."  *Id.* at 3.  In addition, Mr. Williams included as an exhibit to ECF 8 a copy of the U.S. Postal Service Receipt showing delivery of the letter to Bailey, by certified mail, on or about March 11, 2016.  *See* ECF 8-2.

No attorney has entered an appearance on behalf of Mr. Bailey.  Nor has the Court received any correspondence from plaintiff.

## II.      Standard of Review

The Motion tests the legal sufficiency of the Complaint.  *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the

rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint is insufficient if it provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly*, 550 U.S. at 555.

To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). Put another way, in reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir.

4

2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 402 (2011); *Monroe v. City of Charlottesville,* 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010).   But, a court is not required to accept legal conclusions drawn from the facts.   *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).   "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 1960 (2012).

A motion asserting failure to state a claim typically "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (quotation marks omitted); *see Houck*, 791 F. 3d at 484; *Tobey v. James*, 706 F.3d 379, 387 (4th Cir. 2013). But, "if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint,'" or in other material that is the proper subject of consideration under Rule 12(b)(6), such a defense can be resolved on the basis of the facts alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis in *Goodman*); *see Houck*, 791 F.3d at 484.

Ordinarily, in resolving a motion under Rule 12(b)(6), a court "is not to consider matters outside the pleadings . . . ." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007); *see Clatterbuck,* 708 F.3d at 557. Under certain limited exceptions, however, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary

judgment. *Goldfarb*, 791 F.3d at 508.  For example, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "'so long as they are integral to the complaint and authentic.'" *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

As noted, plaintiff failed to file an opposition to the motion.  Therefore, this Court has the discretion to dismiss the case without reaching the merits.  When a plaintiff fails to oppose a motion to dismiss, a district court is "entitled, as authorized, to rule on the  . . . motion and dismiss [the] suit on the uncontroverted basis asserted" in the motion.  *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim). Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962).

Conversely, a plaintiff's failure to oppose a motion to dismiss is no guarantee of victory for the defendant.  The district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000).

## III.  Discussion

### A.

In Count One, plaintiff alleges False Imprisonment.  Budget maintains that plaintiff has failed to plead a claim for false imprisonment.

"An action for false imprisonment arises when one unlawfully causes a deprivation of another's liberty against his will." *Allen v. Bethlehem Steel Corp.*, 76 Md. App. 642, 649, 547 A.2d 1105, 1109 (1988).  In addition, "[i]t may also arise when one *knowingly* gives false information to a law enforcement officer which leads to another person's arrest." *Id.*  However, one "is not liable for false imprisonment when in good faith he or she provides information, however mistaken, to law enforcement officers." *Id.* at 649-50, 547 A.2d at 1109.

The elements of the tort of false imprisonment are as follows: "'1) the deprivation of the liberty of another; 2) without consent; and 3) without legal justification.'" *Jones v. NMS Health Care of Hyattsville, LLC*, 903 F. Supp. 2d 323, 330-31 (D. Md. 2012) (quoting *Heron v. Strader*, 361 Md. 258, 264, 761 A.2d 56, 59 (2000)) (citing *Manikhi v. MTA*, 360 Md. 333, 364, 758 A.2d 95 (2000)).  "'Any exercise of force, or threat of force, by which in fact the [plaintiff] is deprived of [his] liberty . . . is an imprisonment.'" *Jones*, 903 F. Supp. 2d at 331 (quoting *Mason v. Wrightson*, 205 Md. 481, 487, 109 A.2d 128, 131 (1954)).

The Maryland Court of Appeals has explained the concept of "legal justification" within the meaning of the tort of false imprisonment, as follows:

> "When the cases speak of legal justification we read this as equivalent to legal authority. . . . Whatever technical distinction there may be between an 'arrest' and a 'detention' the test whether legal justification existed in a particular case has been judged by the principles applicable to the law of arrest."

*Ashton v. Brown*, 339 Md. 70, 120, 660 A.2d 447, 472 (1995) (citation omitted); *see also Beasley v. Kelly*, No. DKC 10-0049, 2011 WL 4711910, at *4 (D. Md. Oct. 04, 2011).

In Maryland, "[a]n arrest made under a warrant which appears on its face to be legal is legally justified . . . even if, unbeknownst to the arresting police officer, the warrant is in fact improper." *Green v. Brooks*, 125 Md. App. 349, 373, 725 A. 2d 596, 608 (1999) (Hollander, J.) (quoting *Ashton*, 339 Md. at 120, 660 A.2d at 472); *see also McDaniel v. Arnold*, 898 F. Supp. 2d 809 (D. Md. 2012).  Thus, an arrest made pursuant to valid legal process does not give rise to a claim for false imprisonment.  *Shipp v. Autoville Ltd.*, 23 Md. App. 555, 571, 328 A.2d 349, 358-359 (1974) ("If the defendant complies with the formal requirements of the law, as by swearing out a valid warrant, so that the arrest of the plaintiff is legally authorized, the court and its officers are not his agents to make the arrest, and their acts are those of the law and the State, and not to be imputed to him.").

As defendant points out (ECF 6-1 at 8), "nothing in the Complaint alleges that Budget did not have a missing vehicle, that the arrest was inconsistent with police procedures or done without a warrant."  And, "[i]t is fundamental . . . that when an arrest has been effected by valid legal process, an action for false arrest and false imprisonment arising from the legal arrest, will not lie." *Shipp v. Autoville Ltd.*, 23 Md. App. 555, 570, 328 A.2d 349, 358 (1974) (citing *Brewer v. Mele*, 267 Md. 437, 440, 298 A.2d, 156, 159 (1972); *Lewin v. Uzuber*, 65 Md. 341, 4A. 285

(1886)). Moreover, plaintiff has not alleged that it was Budget that detained him or deprived him of his liberty.

For all these reasons, the false imprisonment claim is subject to dismissal.

## B.

With respect to the negligence claim in Count Two, defendant maintains that plaintiff failed to plead facts sufficient to suggest that Budget owed a duty to him or breached that duty. Budget also contends that plaintiff has failed to allege loss. ECF 6-1 at 9. Rather, according to defendant, the claim merely asserts "a formulaic recitation of the elements," which is legally insufficient. *Id.* at 10. I agree.

## C.

With respect to the claim for intentional infliction of emotional distress in Count Three,[4] defendant asserts: "The Complaint failed to allege any conduct by Budget that could be construed as 'extreme and outrageous' as the terms have been interpreted by Maryland courts." ECF 6-1 at 11.

A claim for intentional infliction of emotional distress ("IIED") is disfavored and difficult to establish and, as such, is "rarely viable." *Respess v. Travelers Cas. & Sur. Co. of Am.,* 770 F. Supp. 2d 751, 757 (D. Md. 2011) (Hollander, J.). In order to prevail on a claim for IIED in Maryland, a plaintiff must show that (1) the defendant's conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there is a causal connection between the defendant's wrongful conduct and the emotional distress; and (4) the emotional distress was severe. *Harris v. Jones,* 281 Md. 560, 566, 380 A.2d 611, 614 (1977); *accord, e.g., Manikhi v. Mass Transit Admin.,* 360 Md. 333, 758 A.2d 95, 112, 113 (2000); *Mixter v. Farmer,* 215 Md.

---

[4] Plaintiff actually styled his claim as one for "emotional distress." I assume, however, that he intended to state a claim for intentional infliction of emotional distress.

App. 536, 548, 81 A.3d 631, 637 (2013); *Lasater v. Guttmann,* 194 Md. App. 431, 448, 5 A.3d 79, 89 (2010).

The "extreme and outrageous" standard is quite high. *See generally Bagwell v. Peninsula Reg'l Med. Ctr.,* 106 Md. App. 470, 514, 665 A.2d 297, 319 (1995) (Hollander, J.) (stating that the tort of intentional infliction of emotional distress is "rigorous, and difficult to satisfy"), *cert. denied,* 341 Md. 172, 669 A.2d 1360 (1996). The defendant's conduct must be "'so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Arsham v. Mayor & City Council of Baltimore,* 85 F. Supp. 3d 841, 850 (D. Md. 2015) (quoting *Harris,* 281 Md. at 567, 380 A.2d at 614). Indeed, "[t]o be actionable, the conduct relied upon 'must strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung.'" *Farasat v. Paulikas,* 32 F. Supp. 2d 244, 248 (D. Md. 1997) (quoting *Hamilton v. Ford Motor Credit Co.,* 66 Md. App. 46, 59–60, 502 A.2d 1057, 1064, *cert. denied,* 306 Md. 118, 507 A.2d 631 (1986)), *aff'd,* 166 F.3d 1208 (4th Cir. 1998).

I agree with Budget that the Complaint contains a "rote recitation of the elements and conclusory statements without factual allegations . . . ." ECF 6-1 at 11. In particular, plaintiff has not alleged conduct by Budget that is "extreme and outrageous," within the meaning ascribed to those terms by the Maryland courts. The claim is subject to dismissal.

## D.

With respect to plaintiff's defamation claim in Count Four, Budget asserts that it is time-barred on the face of the Complaint, in light of Maryland's one-year statute of limitations for defamation claims. *See* Maryland Code, § 5-105 of the Courts & Judicial Proceedings Article; *see also Gainsburg v. Steben & Co.*, 838 F. Supp. 2d 1339, 1342 (D. Md. 2011).

As defendant notes, Evans allegedly made defamatory statements on March 20, 2013, when he allegedly complained to the police about plaintiff's unauthorized use of a vehicle. Moreover, defendant points out that the allegedly defamatory remarks by Budget would not have occurred upon entry of the nolle prosequi, in May 2015.   Nor does plaintiff allege any defamatory statement by Budget on that date.   ECF 6-1 at 4.   Therefore, according to Budget, under Maryland law plaintiff had until March 20, 2014, to file his Complaint.

As to the allegations that Budget falsely reported to the police that its vehicle had been stolen, Budget maintains that the report is "a privileged statement for which Budget cannot be liable in tort."   ECF 6-1 at 5.   Budget explains that it had a qualified privilege to report criminal activity.   *See*, *e.g.*, *Carroll v. City of Westminster*, 52 F. Supp. 2d 546, 566 (D. Md. 1999) ("Maryland law affords a 'qualified privilege' to 'any person who makes an oral, written, or printed report about matters involving violations of the law.'") (citation omitted).   And, Budget points out that the allegations in the Complaint are insufficient, even if true, to defeat the qualified privilege, because the facts, even if true, do not constitute actual malice, so as to overcome the qualified privilege.   ECF 6-1 at 5.   *See Batson v. Shiflett*, 325 Md. 684, 602 A.2d 1191 (1992).

Defendant's contentions appear meritorious.   Therefore, the dismissal of the defamation claim is warranted.

## E.

With respect to the claim for malicious prosecution in Count Five, defendant maintains that "the Complaint is insufficiently pled because Plaintiff does not allege that the proceeding was initiated or requested *by Budget*."   ECF 6-1 at 12.   According to Budget, "[t]his is a critical

omission which renders Plaintiff's pleading insufficient." *Id.*  Moreover, according to Budget, the mere entry of a nolle prosequi does not establish the lack of probable cause.  *Id.*

In *Montgomery Ward v. Wilson*, 339 Md. 701, 719, 664 A.2d 916, 925 (1995), the Maryland Court of Appeals said:  "[I]n malicious prosecution actions, the plaintiff must establish that the defendant committed the tort with some improper purpose or motive.  Mere negligence in instituting unjustified criminal proceedings against the plaintiff cannot satisfy the 'malice' element."

To state a claim for malicious prosecution, a plaintiff must allege that the defendant instituted or continued a criminal proceeding; the proceeding was resolved in favor of the accused; there was no probable cause for the proceeding; and the defendant acted with malice, or for the primary purpose other than that of bringing an offender to justice.  *See*, *e.g.*, *Okwa v. Harper*, 360 Md. 161, 183, 757 A.2d 118, 130 (2000).  But, "[w]here a party instigates, aides or assist [sic] in a criminal prosecution he/she may be liable even where he/she did not swear out a warrant."  *Smithfield Packing Co., Inc. v. Evely*, 169 Md. App. 578, 193, 905 A.2d 845, 854 (2006).  Conversely, a person is not liable for malicious prosecution "for relying upon the independent judgment of a prosecutor or attorney where the defendant has made a full disclosure of all material facts relative to the charges being made."  *Id.* at 593-94, 905 A.2d at 854.

In *So. Management Corp. v. Taha*, 378 Md. 461, 473, 836 A.2d 627, 633 (2003), the Maryland Court of Appeals said:

> A person is responsible for stating a criminal proceeding who . . . directs or requests a prosecution based on information which the person knows is false or withholds information which a reasonable person would realize might affect the decision to prosecute, . . . or gives inaccurate or incomplete information to those who prosecute.

As Budget notes, the Complaint fails to allege that Budget initiated the proceedings against Bailey.  ECF 6-1 at 12.  Nor are there sufficient allegations as to malice on the part of Budget.  Moreover, "[t]he effect of the entry of a nol pros . . . is not crystalline and 'the court must look at the circumstance surrounding the State's decision so as to determine whether there was an absence of probable cause.'"  *Hines v. French*, 157 Md. App. 536, 555, 852 A.2d 1047, 1058 (2004) (citation omitted).  In other words, the decision to nol pros, on its face, does not establish a lack of probable cause.

For these reasons, Count Five is subject to dismissal.

## F.

Finally, as to the loss of consortium claim in Count Six, defendant argues that this claim is not available to plaintiff because it may only be awarded when there is also a physical injury.  *See*, *e.g.*, *Kline v. Sears*, *Roebuck & Co.*, 608 Atl. 2d 1276, 1284 (1992).  In addition, defendant posits that the claim is one that is held by the spouse of the injured person, not the injured person himself or herself, and plaintiff's spouse is not a party in this action.  *See Owens-Illinois, Inc. v. Cook*, 386 Md. 468, 487, 872 A.2d 969, 980 (2005) (stating that a loss of consortium claim can only be asserted in a joint action for injury to the marital relationship).

I agree with Budget that because plaintiff is the sole plaintiff, he cannot pursue a claim for loss of consortium.

## G.

In this case, as to certain claims asserted by plaintiff, leave to amend ordinarily might be appropriate, so that plaintiff could attempt to cure the deficiencies in the allegations.  Had plaintiff filed an opposition, I would consider granting leave to amend as to any claims subject to dismissal where the allegations could be cured by amendment.  However, in light of plaintiff's

failure to oppose the Motion, I will dismiss the Complaint, without leave to amend, but without prejudice.

Plaintiff may file a timely motion asking the Court to reconsider its ruling.

An Order follows.


Date:   April 29, 2016                           _____/s/_____
                                                 Ellen L. Hollander
                                                 United States District Judge